Mukund Rathi (State Bar No. 330622)
mukund@eff.org
Cindy Cohn (State Bar No. 145997)
cindy@eff.org
Corynne McSherry (State Bar No. 221504)
corynne@eff.org
Aaron Mackey (State Bar No. 286647)
amackey@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, California 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

*Counsel for J. Doe*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SUBPOENA TO CLOUDFLARE | Case No. _____ |
| | **NOTICE OF MOTION AND J. DOE'S MOTION TO QUASH SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF J. DOE'S MOTION TO QUASH SUBPOENA** |
| | Date:        February 9, 2023 |
| | Time:        TBD |
| | Courtroom:        TBD |
| | Judge:        TBD |

1

### NOTICE OF MOTION AND J. DOE'S MOTION TO QUASH SUBPOENA

2

**PLEASE TAKE NOTICE** that on February 9, 2023, at a time to be determined, or as soon

3

thereafter as this matter may be heard, in a Courtroom to be determined, of the United States

4

District Court for the Northern District of California, located at 450 Golden Gate Avenue, San

5

Francisco, California 94102, Movant J. Doe, a third-party to the underlying litigation and a web

6

host that uses services by Cloudflare will, and hereby does, move to quash the subpoena issued to

7

Cloudflare seeking information about Doe held by Cloudflare.

8

Doe moves to quash the subpoena issued to Cloudflare because, as explained more fully

9

below, it violates their First Amendment rights to anonymity and free association, on top of being

10

unduly burdensome and overbroad in violation of the Federal Rules of Civil Procedure.

11

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and

12

Authorities in support thereof, the Declaration of Mukund Rathi, a Request for Judicial Notice, all

13

pleadings and papers on file in this action, and such other matters as the Court may consider.

14

DATED: January 5, 2023

15

_____/s/ Mukund Rathi_____

16

Mukund Rathi
mukund@eff.org

17

Cindy Cohn
cindy@eff.org

18

Corynne McSherry
corynne@eff.org

19

Aaron Mackey
amackey@eff.org

20

ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street

21

San Francisco, California 94109
Telephone: (415) 436-9333

22

Facsimile: (415) 436-9993

23

*Counsel for J. Doe*

24

25

26

27

28

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## J. DOE'S MOTION TO QUASH SUBPOENA

### INTRODUCTION

Doe, a web host for a small number of websites, moves to quash a subpoena seeking their identity. Lead plaintiff D'Ambly issued this third-party subpoena in an apparent attempt to sustain a failing lawsuit that alleged he was subjected to doxxing, vandalism, and violent threats. Neither Doe nor Cloudflare, the subpoena recipient, are parties to the lawsuit. Doe's only relation to the case is that they previously hosted a website controlled by an improperly pleaded defendant against whom plaintiff alleged no causes of action. Given the dispute's racially charged allegations, Doe fears for their safety and their family's safety if Cloudflare reveals Doe's identity.

The Court should quash the subpoena because it violates the Federal Rules of Civil Procedure's prohibition on subpoenas that cause an undue burden or are overbroad, as well as Doe's First Amendment rights to anonymity and free association.

### BACKGROUND

The subpoena arises out of a twice-dismissed lawsuit in the District Court of New Jersey, currently on appeal. *See* Request for Judicial Notice, Ex. A (Opinion and Order Granting Motion to Dismiss Second Amended Complaint (Dkt. No. 136), *D'Ambly v. Exoo*, No. 2:20-cv-12880 (D.N.J. Aug. 9, 2022)). In that case, lead plaintiff D'Ambly and a dozen others alleged a wide-ranging conspiracy by lead defendant Exoo, Exoo's employer, Twitter, and one of Twitter's former executives. *Id.* D'Ambly alleged that Exoo's conspiracy labeled him a white supremacist and doxxed[1] him after he joined an organization that led an "It's okay to be white" protest. Request for Judicial Notice, Ex. B (Second Amended Complaint (Dkt. No. 103), ¶¶ 1, 42, 52) (Compl.). D'Ambly also alleged claims against his former employer and former law firm. *Id.* Other plaintiffs similarly alleged that Exoo doxxed them. *Id.* In August 2022, the district court dismissed plaintiffs' conspiracy claims. Request for Judicial Notice, Ex. A.

---

[1] *See* Request for Judicial Notice, Ex. D (Daly Barnett, *Doxxing: Tips To Protect Yourself Online & How to Minimize Harm*, EFF (Dec. 16, 2020), https://www.eff.org/deeplinks/2020/12/doxxing-tips-protect-yourself-online-how-minimize-harm).

Doe is a web host that provides server space and some other essential services, including Cloudflare's proxy service, to a small number of websites.[2] A website using the proxy service "will appear to be coming from Cloudflare's IP addresses," providing extra security and anonymity by making it appear as though Cloudflare hosts the website.[3]

Doe "has no active control of the content that is published on th[e] websites" that they host, nor do they remove or edit specific portions of that content. *Cf. Ricci v. Teamsters (Ricci I)*, 2014 WL 11353151, at *3 (S.D.N.Y. 2014), *aff'd*, *(Ricci II)*, 781 F.3d 25 (2d Cir. 2015). Rather, Doe provides server space so the websites can exist on the internet. Web hosts are immune from liability for content generated by their users. *See Ricci II*, 781 F.3d at 28 (joining "consensus" that 47 U.S.C. § 230 protects web hosts). So even if plaintiff[4] revives his conspiracy claims on appeal, he cannot successfully make Doe a defendant.

Plaintiff appears to seek Doe's identity because Doe previously hosted a website, torchantifa.org. Plaintiff named Torch Antifa, an alleged network of antifascist activists, as a defendant. Compl. ¶ 25. However, none of the causes of action targeted Torch Antifa or torchantifa.org. *Id*. at pp. 49-62. The complaint conceded that Torch Antifa signed a "statement of solidarity *and separation*" from the lead defendant. *Id*. at p. 5 (emphasis added). Plaintiff appears to have improperly served Torch Antifa. *See* Request for Judicial Notice, Ex. C (Request for Entry of Default (Dkt Nos. 132, 132-1, 132-2)). Plaintiff only served the entity that owned the domain name torchantifa.org, but that is not presumably the organization itself. *See id*. Any given website can have different entities that register or own its domain name, host it on their servers, legally own it, and manage its content. *Cf. Rad v. Att'y Gen. United States*, 983 F.3d 651, 662 (3d Cir. 2020) (distinguishing such entities). Indeed, the Internet Corporation for Assigned Names and Numbers (ICANN), which registers domain names that people use to find websites, allows registrants to

---

[2] Request for Judicial Notice, Ex. E (*Choosing your Web Host*, EFF, https://www.eff.org/keeping-your-site-alive/choosing-your-web-host).

[3] Request for Judicial Notice, Ex. F (*Proxy Status*, Cloudflare DNS docs, https://developers.cloudflare.com/dns/manage-dns-records/reference/proxied-dns-records).

[4] Lead plaintiff D'Ambly is the only plaintiff listed on the subpoena. Declaration of Mukund Rathi in Support of J. Doe's Motion to Quash Subpoena (Rathi Decl.), Ex. A.

MEMORANDUM OF POINTS AND AUTHORITIES

avoid identifying those responsible for the website's content.[5] Torch Antifa did not appear in the case and received a default judgment.

Cloudflare is based in the Northern District of California and duly notified Doe of the subpoena in time to make this motion before this Court, as "the court for the district where compliance is required." FRCP 45(d)(3)(A); *see* Rathi Decl. ¶¶ 2-3. The subpoena contained a return date of January 8, 2023. Rathi Decl., Ex. A.

Given the nature of the litigation—allegations of doxxing, vandalism, and violent threats in response to plaintiff's participation in a pro-white protest—Doe reasonably fears that disclosing their identity will put themselves and their family at risk. Specifically, Doe fears that plaintiff and other "pro-white" persons will retaliate against them because they previously hosted an antifascist website.

## ARGUMENT

### I.    The subpoena violates the Federal Rules of Civil Procedure.

The subpoena violates two of the Rules.

*First*, it subjects Doe to "undue burden" under FRCP 45(d)(3)(A)(iv) because it would pierce their anonymity without adequate justification. *See Strike 3 v. Doe*, 2018 WL 10604533, at *2 (N.D. Cal. 2018). In *Strike 3*, where a plaintiff in a copyright case issued a subpoena to identify a Doe defendant, the court balanced the interests of the plaintiff against the defendant's "privacy interest" in staying anonymous. *Id.* The court held that the plaintiff's "need to vindicate its copyrights by pursuing litigation of an alleged infringer" outweighed the defendant's privacy interest. *Id*. at *3.

Here, by contrast, plaintiff seeks to identify *a third party* to pursue a defendant charged with *nothing*. Plaintiff simply has no legal interest to vindicate here, much less one that would outweigh Doe's privacy interest.

*Second*, "disclosure of [Doe's] account information is overbroad and disproportionate" under FRCP 26(b)(1). *See Sines v. Kessler*, 2018 WL 3730434, at *11 (N.D. Cal. 2018). In *Sines*,

---

[5] *See* Request for Judicial Notice, Ex. G (*Information for Privacy and Proxy Service Providers, Customers, and Third-Party Requesters*, ICANN, https://www.icann.org/resources/pages/pp-services-2017-08-31-en).

MEMORANDUM OF POINTS AND AUTHORITIES

for example, the court held that third-party Doe's identity was relevant to underlying litigation because plaintiffs had shown that Doe "discussed preparations for the [Unite the Right] event" at which plaintiffs were attacked, so "Doe could be a witness with information relevant to Plaintiffs' case." *Id*. Here, by contrast, plaintiff has alleged nothing about Doe as a web host. Moreover, the subpoena asks for more than Doe's identity: it requests information on torchantifa.com and torchantifa.info, which the complaint does not mention at all.

For these reasons alone, the Court should quash the subpoena in its entirety.

**II.     The subpoena also violates Doe's First Amendment right to anonymity.**

**A.     The First Amendment protects Doe's online anonymity.**

By allowing individuals to separate their identity from the content of their speech, anonymity protects speakers from intimidation through legal process when they address controversial topics. Thus, Doe's "decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment." *McIntyre v. Ohio,* 514 U.S. 334, 342 (1995). Courts have long protected anonymity on the internet, recognizing that it "facilitates the rich, diverse, and far-ranging exchange of ideas," *Doe v. Harris*, 772 F.3d 563, 581 (9th Cir. 2014) (quoting *Doe v. 2TheMart.com,* 140 F. Supp. 2d 1088, 1092 (W.D. Wash. 2001)), and ensures that a speaker like Doe can use "one of the vehicles for expressing his views that is most likely to result in those views reaching the intended audience." *Highfields Capital Management v. Doe*, 385 F. Supp. 2d 969, 981 (N.D. Cal. 2005). Courts have also long recognized that litigants who dislike anonymous speech, like plaintiff, often misuse "discovery procedures to ascertain the identities of unknown defendants in order to harass, intimidate or silence critics in the public forum opportunities presented by the Internet." *Dendrite v. Doe*, 775 A.2d 756, 771 (N.J. App. Div. 2001).

The First Amendment protects a service provider's anonymous "choices about whether, to what extent, and in what manner [they] will disseminate speech." *Cf. NetChoice v. Florida*, 34 F.4th 1196, 1210 (11th Cir. 2022); *Sorrell v. IMS*, 564 U.S. 552, 570 (2011) ("[D]issemination of information [is] speech within the meaning of the First Amendment."). Doe is not "reflexively transmitting data from point A to point B"—rather, they specifically chose to host torchantifa.org.

MEMORANDUM OF POINTS AND AUTHORITIES

*See NetChoice,* 34 F.4th at 1204. So, Doe's curated web hosting has "the expressive quality of a parade, a newsletter, or the editorial page of a newspaper" because they facilitate the speech of those responsible for the website's content. *See Rumsfeld v. FAIR*, 547 U.S. 47, 64 (2006). *See also Turner Broad. Sys., Inc. v. FCC*, 512 U.S. 622, 636 (1994) (First Amendment protects cable operators' "exercis[e of] editorial discretion over which stations or programs to include in its repertoire").

**B.    Plaintiff cannot unmask Doe short of an exceptionally compelling need.**

Only in an "exceptional case" can a plaintiff unmask an "anonymous Internet user [who] is not a party to the case" without violating the First Amendment. *2TheMart*, 140 F. Supp. 2d at 1095. In *2TheMart*, for example, the court quashed a subpoena to an online message board operator for the identities of several users who said "less than flattering" things about the subpoena issuant, a company defending against separate securities litigation. *Id.* at 1090. The court held that the company "failed to demonstrate that the [identity] of these Internet users is directly and materially relevant to a core defense in the underlying securities litigation." *Id.* at 1097.

 The court outlined four factors that indicate such an "exceptional case":

"(1) the subpoena seeking the information was issued in good faith and not for any improper purpose,

(2) the information sought relates to a core claim or defense,

(3) the identifying information is directly and materially relevant to that claim or defense, and

(4) information sufficient to establish or to disprove that claim or defense is unavailable from any other source."

*Id.* at 1095.

As the court recognized, the First Amendment always requires a "compelling need" to unmask a speaker. *Id.* at 1094-95. When "the information sought concern[s] J. Doe *defendants*," a plaintiff's compelling need may be that "[w]ithout the identifying information, the litigation against those defendants could not have continued." *Id.* But a "higher standard should apply when a subpoena seeks the identity of an anonymous Internet user who is *not a party* to the underlying

MEMORANDUM OF POINTS AND AUTHORITIES

litigation." *In re Anonymous Online Speakers*, 661 F.3d 1168, 1176 (9th Cir. 2011) (discussing *2TheMart*) (emphasis added).[6]

Here, Doe is not and cannot be a defendant. First, plaintiff's complaint never mentioned Doe, the web host of torchantifa.org, and cannot plausibly allege that Doe represents Torch Antifa. Second, even if plaintiff alleged that torchantifa.org did something wrong, he could not hold Doe liable for that conduct because, as noted above, 47 U.S.C. § 230 shields web hosts from publisher liability. *See Ricci II*, 781 F.3d at 28.

### C.    Plaintiff has no exceptionally compelling need for Doe's identity.

Doe easily meets all four elements of the *2TheMart* test.

### (a) Plaintiff issued their subpoena in bad faith.

*2TheMart* identified three factors that indicate bad faith: (1) plaintiff cannot "reasonably believe that [Doe's identity is] relevant to this [case];" (2) "the subpoena seeking the identity information [is] extremely broad;" and (3) plaintiff's case "would [not] withstand a motion to dismiss." *See* 140 F. Supp. 2d at 1094-95. All three factors are present here.

*First*, Doe's identity is irrelevant because the website they hosted is not properly before any court. Plaintiff improperly pleaded Torch Antifa as a defendant by "alleg[ing] no counts against them," *see Keane v. Navarro*, 345 F. Supp. 2d 9, 12 (D. Mass. 2004), and he conceded that they are separate from the lead defendant. Compl. at p. 5. And even if Torch Antifa was a proper defendant, plaintiff did not allege that torchantifa.org doxxed or otherwise wronged him. *Compare Sines*, 2018 WL 3730434 at *13 (plaintiffs alleged Doe was "involved in planning the Unite the Right event" at which they were attacked).

*Second*, the subpoena is overbroad for the same reason—it requests information about websites not at issue in the case, including torchantifa.com and torchantifa.info.

*Third*, plaintiff's complaint would not withstand a motion to dismiss. *See Keane*, 345 F. Supp. 2d at 12. The district court dismissed plaintiff's lawsuit twice, and Torch Antifa remains a

---

[6] *See also Rich v. Butowsky*, 2020 WL 5910069, at *3 (N.D. Cal. 2020) ("While the Ninth Circuit has not explicitly approved of the *2TheMart.com* test … Th[is] court finds *2TheMart.com* persuasive."); *Sines*, 2018 WL 3730434, at *12 (applying *2TheMart*).

MEMORANDUM OF POINTS AND AUTHORITIES

defendant only because it defaulted after improper service—and improper service is grounds to set aside the default. *See Mazzaferro v. Parisi*, 2017 WL 930799, at \*2 (N.D. Cal. 2017).

### (b) Doe's identity does not relate to plaintiff's core claims.

Even assuming Doe's identity is relevant to plaintiff's lawsuit, his core claims are against the so-called "Exoo Enterprise," which "targeted D'Ambly as a fascist and white supremacist." Compl. ¶ 42. Plaintiff enumerated the other defendants in the Exoo Enterprise and conceded that Torch Antifa is separate from it. *Id.* at pp. 5, 52. And again, plaintiff's complaint does not mention Doe at all. This is very different from cases such as *Sines*, where the subpoena issuant alleged Doe to be a co-conspirator or otherwise directly connected to the core claims. *See* 2018 WL 3730434, at \*13.

### (c) Doe's identity is irrelevant to plaintiff's lawsuit.

As in *2TheMart*, the subpoena here is a fishing expedition to identify "Internet users [who] are not parties to the case and have not been named as defendants as to any claim, cross-claim or third-party claim." *See* 140 F. Supp. 2d at 1096. Plaintiff's complaint alleged nothing that makes Doe's identity relevant.

### (d) Plaintiff can use other sources.

"[Plaintiff] has failed to demonstrate that the information it needs to establish its [case] is unavailable from any other source." *Id*. To the contrary, plaintiff clearly knows how to use public tools and registries that provide information on torchantifa.org. Request for Judicial Notice, Ex. C. In *Sines*, by contrast, the information sought was held only on "private, invite-only servers." 2018 WL 3730434, at \*2, 14 (cleaned up).

## III.    The subpoena also violates Doe's First Amendment right to free association.

Doe's anonymous hosting of torchantifa.org is protected association. *See Gibson v. Florida Legislative Investigation Committee,* 372 U.S. 539, 555 (1963) (blocking subpoena because it would infringe "the privacy of membership lists of groups engaged in the constitutionally protected free trade in ideas and beliefs"). The subpoena violates Doe's free association under the First Amendment because it: (1) would cause an "impact on, or 'chilling' of" Doe's associational rights; (2) is not "rationally related" to a "compelling interest;" (3) is not the "'least restrictive means' of

MEMORANDUM OF POINTS AND AUTHORITIES

obtaining the information;" and (4) burdens Doe more than it serves plaintiff's purported "interest in disclosure." *See Sines*, 2018 WL 3730434, at \*15 (quoting *Brock v. Local 375*, 860 F.2d 346, 349-50 (9th Cir. 1988)).

*First*, the subpoena chills Doe's association by exposing them to hostility. *See NAACP v. Alabama*, 357 U.S. 449, 466 (1958) ("[R]evelation of the identity of [NAACP's] rank-and-file members has exposed these members to … public hostility."). While plaintiff did not allege that Doe is a member of defendant Torch Antifa, "[Doe's] freedom of association is no less implicated when informal affiliation as opposed to formal membership is made the basis for [unmasking]." *Cf. United States v. Lemon*, 723 F.2d 922, 940 (D.C. Cir. 1983). Plaintiff himself notes that he is seen to be a "fascist and white supremacist." Compl. ¶ 42. The FBI testified to Congress on "Confronting White Supremacy" and stated that "[i]ndividuals adhering to racially motivated violent extremism ideology have been responsible for the most lethal incidents among domestic terrorists in recent years."[7] Facing this threat, like those targeted in *NAACP*, Doe "fe[lt] free to speak online" by hosting a website challenging fascism "in part because of their ability to hide behind an anonymous" web hosting mechanism. *See Sines*, 2018 WL 3730434, at \*15. It is sadly ironic that plaintiff complains about being doxxed but would expose Doe to that very risk.

*Second*, even if plaintiff had a compelling interest in his twice-dismissed lawsuit, Doe's identity is not rationally related to it. Plaintiff alleged no wrongful acts by Doe or torchantifa.org, nor even counts against defendant Torch Antifa, which he conceded is separate from the lead defendant. Compl. at pp. 5, 52. "There is [no] reason to believe that Doe could be an integral witness in the case, even if not named as a defendant." *See Sines,* 2018 WL 3730434*,* at \*15.

*Third*, plaintiff has less restrictive means, such as public tools, to get information about torchantifa.org. *See, e.g.,* Request for Judicial Notice, Ex. C.

*Fourth*, for all the foregoing reasons, Doe's burden far outweighs plaintiff's purported interest given "the importance of the litigation, the centrality of the information sought to the issues

---

[7] Request for Judicial Notice, Ex. H (Federal Bureau of Investigation, Confronting White Supremacy, Statement Before the House Oversight and Reform Committee, Subcommittee on Civil Rights and Civil Liberties, Washington, D.C., June 4, 2019, https://www.fbi.gov/news/testimony/confronting-white-supremacy).

MEMORANDUM OF POINTS AND AUTHORITIES

in the case, the existence of less intrusive means of obtaining the information, and the substantiality of the First Amendment interests at stake." *See Sines*, 2018 WL 3730434, at *16 (cleaned up). The district court twice dismissed plaintiff's lawsuit. *Compare id*. at *2, 16. Doe's identity is irrelevant and plaintiff has less intrusive means to obtain information about Torch Antifa.

**CONCLUSION**

The Court should not allow the plaintiff to use his failing lawsuit as a pretext to expose Doe's identity. Doe respectfully urges the Court to quash the subpoena.

DATED:  January 5, 2023                              Respectfully submitted,


_____*/s/   Mukund Rathi*_____
Mukund Rathi
mukund@eff.org
Cindy Cohn
cindy@eff.org
Corynne McSherry
corynne@eff.org
Aaron Mackey
amackey@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, California 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

*Counsel for J. Doe*

MEMORANDUM OF POINTS AND AUTHORITIES