Mukund Rathi (State Bar No. 330622)
mukund@eff.org
Cindy Cohn (State Bar No. 145997)
cindy@eff.org
Corynne McSherry (State Bar No. 221504)
corynne@eff.org
Aaron Mackey (State Bar No. 286647)
amackey@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, California 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

*Counsel for J. Doe*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SUBPOENA TO CLOUDFLARE | Case No. _____ <br><br> **DECLARATION OF MUKUND RATHI IN SUPPORT OF J. DOE'S MOTION TO QUASH SUBPOENA** |

I, Mukund Rathi, hereby declare:

1. I am an attorney of record for J. Doe. I am a member in good standing of the California State Bar and am admitted to practice in this Court. I have personal knowledge of the matters stated in this declaration. If called upon to do so, I am competent to testify to all matters set forth herein.

2. J. Doe retained the Electronic Frontier Foundation (EFF) to protect their First Amendment rights to anonymous speech and free association after receiving a notice from Cloudflare on or about December 12, 2022, that it had received a subpoena issued in a civil case,

*D'Ambly et al. v. Exoo et al.*, No. 2:20-cv-12880 (D. N.J.).

3. The subpoena issued to Cloudflare contained a return date of January 8, 2023, and sought to identify J. Doe. A true and correct copy of the subpoena issued to Cloudflare is attached as Exhibit A.

4. Cloudflare's counsel told EFF that it would produce information on J. Doe in response to the subpoena unless J. Doe filed a motion to quash by January 5, 2023.

5. On January 3, 2023, I wrote to plaintiffs' counsel of record in *D'Ambly v. Exoo*, Patrick Trainor, to state that EFF intended to file a motion to quash the subpoena issued to Cloudflare. I requested that plaintiff withdraw the subpoena or stipulate to stay production while we conferred about J. Doe's concerns that the subpoena violated their First Amendment rights.

6. Mr. Trainor responded, declined to withdraw the subpoena, and requested that I call him on January 4, 2023. A true and correct copy of this email exchange is attached as Exhibit B.

7. I spoke by phone with Mr. Trainor on January 4, 2023, but was unable to resolve J. Doe's concerns that the subpoena violated their First Amendment rights.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Signed on January 5, 2023, at Oakland, California.

                                                              */s/ Mukund Rathi*
                                                             Mukund Rathi

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| DANIEL D'AMBLY, et al., *Plaintiff* | ) ) ) |
| v. | ) Civil Action No. 2:20-cv-12880-JMV-JSA |
| CHRISTIAN EXOO, et al., *Defendant* | ) ) ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Cloudflare, Inc., 101 Townsend Street, Legal Department, San Francisco, CA 94107

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Information sufficient to identify the owner/registrant of Torchantifa.org; torchantifa.com; and torchantifa.info, from January 1, 2017 through October 30, 2022. This includes the registrants names, physical addresses, IP addresses, telephone numbers, registrar history, IP history, hosting history, email addresses, account history.

| Place: Law Office of Patrick Trainor, Esq., LLC<br>19 Union Avenue, Suite 201<br>Rutherford, NJ 07070 - email - pt@ptesq.com | Date and Time:<br>January 8, 2023, 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/08/2022

*CLERK OF COURT*

OR

_____   /s/ Patrick Trainor
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Daniel D'Ambly , who issues or requests this subpoena, are:

Law Office of Patrick Trainor, 19 Union Avenue, Suite 201, Rutherford, NJ 07070 (201) 777-3327 pt@ptesq.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:20-cv-12880-JMV-JSA

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B

**Subject:** Re: Subpoena to Cloudflare – D'Ambly v. Exoo, No. 2:20-cv-12880
**Date:** Tuesday, January 3, 2023 at 7:04:08 PM Pacific Standard Time
**From:** Patrick Trainor, Esq.
**To:** Mukund Rathi
**CC:** Aaron Mackey, Cindy Cohn, Corynne McSherry

Good evening Mr. Rathi.  Who is your client?  NGO, Fed, or rich white Silicon bro?

You are greatly underestimating the depth of my knowledge and infiltration of Mr. Jenkins and friends' entanglements.  We know his comrades, benefactors, protectors, etc.

The subpoena is more a formality than discovery tool.  We have been investigating them for years and on top of that I wrote my first line of code in 1982, so it hasn't been a challenge to track and identify.

You are parsing language.  During the relevant period your client hosted a website for a defaulted defendant in D'Ambly v. Exoo.

For the record, we both know your client not being a party to this litigation doesn't trump my clients right to pursue his tortfeasor.  Under the circumstances a right to anonymity is a fresh one to me.

If you want to protect your client you should call me tomorrow afternoon at 201-777-3327 to discuss.


Sincerely,



Patrick Trainor, Esq.

**THE LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC**

19 Union Avenue, Suite 201 | Rutherford, New Jersey 07070

Phone (201) 777-3327 | eFacsimile (201) 896-7815

This electronic transmission – including any attachments – contains attorney privileged and confidential information intended for the sole use of the recipient (s) named.  Any unauthorized review, use, dissemination, disclosure, distribution or copying of this transmission by any other person is strictly prohibited.  If you are not an intended recipient or if you have received this communication in error, please notify us by telephone (201-777-3327).

This firm is a debt collector and may be attempting to collect a debt. Any information obtained from you will be used for that purpose. If you are currently protected by the filing of a petition in bankruptcy, the email, including attachments, if any, is for informational purposes only and should not be considered as an attempt to collect a debt.

**From:** Mukund Rathi <mukund@eff.org>
**Sent:** Tuesday, January 3, 2023, 9:03 PM
**To:** Patrick Trainor, Esq. <pt@PTESQ.COM>
**Cc:** Aaron Mackey <amackey@eff.org>; Cindy Cohn <cindy@eff.org>; Corynne McSherry <corynne@eff.org>
**Subject:** Subpoena to Cloudflare – D'Ambly v. Exoo, No. 2:20-cv-12880

Counsel,

The Electronic Frontier Foundation (EFF) represents an individual whose personal information your client, Daniel D'Ambly, seeks in a subpoena issued to Cloudflare on December 8. We are prepared to file a motion to quash the subpoena on Thursday, January 5, in the Northern District of California, where Cloudflare is located.

I write before filing our client's motion to request that you withdraw the subpoena. Our client is not a party to the underlying litigation and does not presently host any website associated with any defendant in *D'Ambly v. Exoo*. The subpoena implicates our client's First Amendment rights to anonymity and free association, as well as being overbroad and burdensome in violation of the Federal Rules of Civil Procedure. We are confident that a court would agree to quash the subpoena on those grounds.

If you will not agree to withdraw the subpoena, I would request that you stipulate to Cloudflare staying production indefinitely while we confer about the subpoena.

Please let us know by noon PST/3 p.m. EST on Thursday, January 5 whether you will withdraw the subpoena or agree that Cloudflare can stay production while we confer. Otherwise, we will file the motion to quash.

Regards,

**Mukund Rathi**
Stanton Fellow
Electronic Frontier Foundation
mukund@eff.org