UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: SUBPOENA TO CLOUDFLARE, INC.

Case No. 23-mc-80005-HSG

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 1

Pending before the Court is movant J. Doe's motion to quash a subpoena issued to Cloudflare, Inc. seeking Doe's identity. Dkt. No. 1. The subpoena was initially issued by Plaintiff Daniel D'Ambly seeking the identity of Doe, a web host, to support his case in *D'Ambly v. Exoo*, Case No. 2:20-cv-12880 (District of New Jersey).

In its reply in support of the motion to quash, Doe argues that Mr. D'Ambly failed to timely defend the subpoena. *See* Dkt. No. 15 at 1; *see also* Dkt. No. 9 (order from Judge Tse setting February 6, 2023 as deadline to file opposition). However, it is not clear that Mr. D'Ambly was properly served and had a meaningful opportunity to respond to the motion to quash. Doe's proof of service indicates that the motion and related attachments were "served by email and U.S. Mail" on Patrick Trainor (counsel for Plaintiffs in *D'Ambly v. Exoo*) and Julia Rieper (counsel for Cloudflare) who are both located out of state. *See* Dkt. No. 3. However, courts have found that because a motion to quash a subpoena is an initial pleading, it should be served according to Federal Rule of Civil Procedure 4. *See Yuga Labs Inc. v. Ripps*, No. 223CV00010APGNJK, 2023 WL 2021142, at *1, n.2 (D. Nev. Feb. 14, 2023); *Rosiere v. U.S. S.E.C*, No. 2:09CV01975JCMPAL, 2010 WL 419440, at *1 (D. Nev. Jan. 29, 2010) (same).

Rule 4 does not explicitly provide for service by email or U.S. mail. *See* Fed. R. Civ. P.

4(e). And to the extent Rule 4 incorporates state law, service by mail under California law requires that it be sent by first-class mail with return receipt requested. *See* Cal. Civ. Proc. Code § 415.40 ("Service on person outside state"). Here, the proof of service does not indicate whether the motion was sent via first-claim mail or whether a return receipt was requested. Neither is there any evidence that the parties received actual notice. The only correspondence that Doe attaches is an email exchange with Mr. Trainor that occurred before the motion to quash was ever filed. *See* Dkt. No. 1-1, Ex. B.

The Court therefore **DIRECTS** Doe to **SHOW CAUSE** why the motion to quash should not be denied for failing to properly serve Mr. D'Ambly. Doe shall file its response of 5 pages or less by May 8, 2023.

**IT IS SO ORDERED.**

Dated:   4/27/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

2