1   Cindy Cohn (State Bar No. 145997)
    cindy@eff.org
2   Corynne McSherry (State Bar No. 221504)
    corynne@eff.org
3   Aaron Mackey (State Bar No. 286647)
    amackey@eff.org
4   ELECTRONIC FRONTIER FOUNDATION
    815 Eddy Street
5   San Francisco, California 94109
    Telephone: (415) 436-9333
6   Facsimile: (415) 436-9993

7   *Counsel for J. Doe*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE SUBPOENA TO CLOUDFLARE | Case No. 23-mc-80005-HSG<br><br>**DOE'S RESPONSE TO ORDER TO SHOW CAUSE** |

### INTRODUCTION

The Plaintiff who issued the subpoena Doe seeks to quash here has had actual notice of Doe's pending motion, through his counsel, since Doe filed it on January 5, 2023. That same day, counsel of record in the underlying case, *D'Ambly v. Exoo*, No. 2:20-cv-12880 (D. N.J.), confirmed receipt of Doe's motion and acknowledged Doe's request for a hearing date. Plaintiff has never filed a response to the motion, but Doe has nevertheless served Plaintiff, through counsel, with every filing and Order in this matter. On April 28, Plaintiff's counsel confirmed that Plaintiff would not be

responding to the motion.

Given Plaintiff's actual notice of, and refusal to respond to, the motion, and for the reasons set forth therein, this Court should quash the subpoena. Doe has substantially complied with Rule 4's service requirements. Further, if this Court finds otherwise, Doe respectfully requests that it extend the time for service. Finally, given the lack of prejudice to Plaintiff, and severe prejudice to Doe if Cloudflare responds to the subpoena, dismissal is not warranted.

## LEGAL STANDARD

"So long as a party receives sufficient notice of the complaint, Rule 4 is to be 'liberally construed' to uphold service." *Travelers Cas. and Sur. Co. of America v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (quoting *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994)). "Rule 4 is a flexible rule," such that "[t]echnical defects in a summons do not justify dismissal unless a party is able to demonstrate actual prejudice." *Chan*, 39 F.3d at 1404. Actual knowledge is sufficient to support a court's jurisdiction because it achieves Rule 4's purpose: to ensure the intended recipient is aware of and can respond to the action. *See Ali v. Mid-Atlantic Settlement Services, Inc.*, 233 F.R.D. 32, 35-36 (D.D.C. 2006).

## ARGUMENT

**I.  Rule 4 Is Satisfied Because Plaintiff Has Had Actual Knowledge of The Motion to Quash the Subpoena for Months.**

Doe has substantially complied with Rule 4 because their method of service was reasonably calculated to put Plaintiff on notice and in fact did so. *See Ali*, 233 F.R.D. at 36. Doe served their motion to quash and the related initiating filings on Plaintiff, via his counsel of record, and Cloudflare, via its counsel of record, by email and U.S. mail on January 5, 2023. Dkt. No. 3. Plaintiff's counsel, Patrick Trainor, acknowledged receipt of the motion to quash that same day, and that Doe had noticed a hearing on the motion for February 9, 2023. Declaration of Aaron Mackey, ¶¶ 2-3, Ex. A ("Mackey Decl."). Doe has continued to serve counsel for Plaintiff and Cloudflare with

all filings and court orders in this matter. *See* Dkt. Nos. 10 (Proof of Service by email and FedEx Standard Overnight delivery); 14 (same); 15 at 3 (Proof of Service by email and U.S. Mail); Mackey Decl. ¶¶ 4-9, Exhibits B-G. Plaintiff's counsel thus has actual knowledge of Doe's pending motion.

Courts must liberally construe Rule 4's requirements to uphold service "so long as a party receives sufficient notice of the complaint." *Chan*, 39 F.3d at 1404. As explained above, Mr. Trainor has actual notice of Doe's motion, and his notice can be imputed to Plaintiff. *See Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (recognizing that clients are considered to have notice of all facts known to their attorney). Further, in a phone call with Doe's counsel on April 28, 2023, Mr. Trainor confirmed again that he had received Doe's motion to quash when it was filed and that his client did not intend to respond. Mackey Decl. at ¶¶ 10-11. Mr. Trainor did not respond to Doe's counsel email confirming the contents of that phone call. Mackey Decl., Ex. H.

Doe acknowledges that they did not initially serve the motion by first-class mail with return receipt requested as required by California law, Cal. Civ. Code P. §§ 415.40; 415.30, and thus did not strictly comply with Rule 4(e)(1). However, Doe substantially complied with the law because they served the motion by U.S. mail and received confirmation of receipt, via email, from Mr. Trainor. That is enough to render service valid. *See Travelers*, 551 F.3d at 1135.

## II.   If the Court Finds Rule 4 Not Satisfied, It Should Extend the Time for Service and Response.

Doe respectfully submits that service was proper and provided sufficient notice of the motion. Should this Court disagree, however, there is good cause for any deficiencies, and the Court "must extend the time for service for an appropriate period." Rule 4(m). Doe diligently sought to notify Plaintiff, via his attorney, of the motion to quash. *See* Mackey Decl. ¶¶ 2-3. And Doe has consistently sought to keep Plaintiff apprised of all events in this matter, again via counsel. *See id.* at ¶¶ 4-9.

In response to this Court's order to show cause, Doe re-served all filings in this matter on April 28, 2023. Doe's service was by first-class mail, postage prepaid, and return receipt requested,

in compliance with Rule 4(e)(1). *See* Mackey Decl. ¶¶ 13-14, Ex. I. If this Court has any remaining concerns about service, Doe would not object to the Court providing Plaintiff with an additional 30 days to respond, based on a service date of May 1, as permitted by Rule 4(d)(1)(F) ("give the defendant a reasonable time of at least 30 days").

### III.    The Court Should Not Dismiss Doe's Motion Based on a Technical Defect.

The Ninth Circuit has recognized that dismissal should not be granted based on a defect in service under Rule 4 unless there has been actual prejudice to the responding party. *Chen*, 39 F.3d at 1404. In *Borzeka v. Heckler*, 739 F.3d 444, 446-48 (9th Cir. 1984), for example, the court held that a plaintiff who failed to strictly comply with Rule 4 nonetheless satisfied the rule where "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* at 447.

Here, Plaintiff, through his counsel, has had actual notice of the motion for more than three months. Mackey Decl., Exs. A, H; *see also* Declaration of Mukund Rathi, Dkt. No. 1-1, Ex. B (reflecting January 2023 communications with Plaintiff's counsel). Plaintiff's counsel has affirmed that his client would not be responding. Mackey Decl., ¶¶ 10-11. Accordingly, Plaintiff's failure to respond is not due to lack of notice and he has not been prejudiced.

There is a justifiable excuse for Doe's failure to serve properly. Doe's counsel believed that the motion to quash was subject to Rule 5 because it responds to a subpoena issued in *D'Ambly*. *See* Rule 5(a)(1)(D) (requiring service of a written motion to be served on every party). Doe initiated this action because Rule 45(d)(3)(a) required Doe to make a "timely motion" to quash D'Ambly's subpoena in "the court for the district where compliance is required"—here, the Northern District of California where Cloudflare is based. *See* Dkt. No. 1 at 3. Doe believed that, because this litigation was related to the underlying subpoena in *D'Ambly*, they were not initiating a new action pursuant

to Rule 4 but instead filing an objection via the procedures dictated by Rule 45. Doe thus notified Plaintiff via his counsel, in compliance with Rule 5(b)(1) ("If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."). Further, Doe is unaware of Ninth Circuit law requiring that a motion to quash be served pursuant to Rule 4's requirements, though it acknowledges *Yuga Labs Inc. v. Ruga*, 2023 WL 2021142 (D. Nev. Feb. 14, 2023), and *Rosiere v. SEC*, 2010 WL 419440 (D. Nev. Jan. 29, 2010), holding as much.

Finally, dismissal here would severely prejudice Doe. *See Borzeka*, 739 F.3d at 447-48. As Doe's motion explains, the subpoena violates their First Amendment rights to anonymity and free association. Dkt. No. 1 at 6-9. Doe also fears that disclosure of their identity in *D'Ambly* will put themselves and their family at risk of retaliation merely for hosting a website. *Id*. at 2-3. Dismissing Doe's motion on technical grounds when Plaintiff's counsel has actual notice and refuses to respond would thus be severely prejudicial to Doe.

## CONCLUSION

For the foregoing reasons, Doe respectfully requests that the Court uphold service of Doe's motion to quash and grant the motion.

      */s/ Aaron Mackey*
Aaron Mackey
amackey@eff.org
Cindy Cohn
cindy@eff.org
Corynne McSherry
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, California 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

*Counsel for J. Doe*