# Exhibit H

| | |
|---|---|
| **Subject:** | In Re Subpoena to Cloudflare; Case No. 3:23-mc-80005 (NDCA) |
| **Date:** | Friday, April 28, 2023 at 4:48:28 PM Pacific Daylight Time |
| **From:** | Aaron Mackey |
| **To:** | Patrick Trainor, Esq. |
| **CC:** | Corynne McSherry, Victoria Python, Madeleine Mulkern |
| **Attachments:** | 2023.01.05 D'Ambly Counsel Acknowledged Receipt of MTQ.pdf, 2023.02.23 Email Serving Reply.pdf, 2023.02.08 Email Serving Reassignment to Judge Gilliam.pdf, 2023.02.07 Email Serving Reassignment.pdf, 2023.01.23 Service of Court Order.pdf, 2023.01.12 Service of Magistrate Consent.pdf |

Dear Mr. Trainor,

I'm following up after speaking with you by phone today about our client's motion to quash filed in *In re Subpoena to Cloudflare*, Case No. 3:23-mc-80005 (N.D. Cal.). As I said, [I am attorney with the Electronic Frontier Foundation](), counsel of record to Doe in this matter. The motion seeks to quash a subpoena issued by your client, Daniel D'Ambly, to Cloudflare, Inc. in *D'Ambly v. Exoo*, Case No. 2:22-cv-12880 (D. N.J.). I called you today to ensure that, as counsel of record for Mr. D'Ambly, you received service of our client's motion to quash and all related filings and court orders in the case. In our call, you once more acknowledged receiving Doe's motion to quash and stated that you did not intend to file anything in response.

As explained below, Doe effectuated service on you and that you and your clients, by extension, have actual knowledge of Doe's pending motion. See Fed. Rule Civ. P. 5(b)(1) ("If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."). Because your clients are aware of Doe's motion and did not respond to it—since it has been pending for more than three months—Doe's motion should be granted.

To the extent your clients are unwilling to respond to the motion, we would once more request that you withdraw the subpoena. If you email Cloudflare's counsel, Julia Rieper ([jrieper@cloudflare.com](mailto:jrieper@cloudflare.com)), copy me, and confirm that your clients are withdrawing the subpoena, Doe will dismiss their case seeking to quash the subpoena. Should your clients choose to respond to Doe's motion, that would be untimely. But please contact me as soon as possible, by email or phone (415.436.9333 x167) to discuss a briefing schedule should they want to respond.

For background, our client filed their motion to quash on January 5, 2023 and noticed a hearing date for February 9, 2023. We served copies of that motion on you, via email and U.S. mail, on January 5. That same day, you responded to our email serving you with the motion to quash and acknowledged receipt. Moreover, you appeared to be aware that a hearing on the motion was set for February 9, 2023 ("Thank you Ms. Python (great name btw). I hope we don't get hacked between now and February 9th."). A copy of that exchange is attached.

We continued to serve you with all filings and orders in the case, via email and mail. For example, on January 12, 2023, we served you with the forms issued by the court requiring consent to jurisdiction by the magistrate judge assigned to hear the motion. We also served you with the court's January 23, 2023 order stating that "If Daniel D'Ambly intends to oppose J. Doe's motion to quash D'Ambly's subpoena to Cloudflare, Inc., D'Ambly must file any opposition by February 6, 2023." See the attached email serving you with the court's order. When the case was reassigned to District Judge Haywood S. Gilliam on Feb. 7, 2023, we served you with that order and again requested that you withdraw your clients' subpoena to Cloudflare. See attached email. We also served you with our client's reply in support of their motion to quash on Feb. 13, 2023. See attached.

We diligently served you with all pleadings and orders in this matter. Yet despite your acknowledgment of Doe's motion, your clients have not responded to the motion or sought to discuss any briefing schedule associated with it. Yesterday, the court issued an order requiring Doe to show cause that they had properly served your clients with the motion. For all the reasons described above, Doe's service was proper and your clients have actual knowledge of the pending motion to quash. There is no basis for your clients to claim they were unaware of the motion or that they have been prejudiced.

To avoid any doubt regarding service, however, Doe is once more serving you with all filings and orders in this case, via email and U.S. mail. My colleague, Victoria Python, just served you via email with all filings, and paper copies will be sent via First Class mail with return receipts. We intend to respond to the court's order on May 8 to explain why service was proper and that Doe's motion should be granted as a result. If you would like to discuss our response to the court's order or a schedule for your clients to respond to Doe's motion, please call or email.

Best,
Aaron

--
Aaron Mackey
Electronic Frontier Foundation
815 Eddy Street
(415) 436-9333 ext. 167